UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JAMES PHILIP SOLLEY,                                  No. 11-13416

                                  Debtor(s).
_____/

JAMES PHILIP SOLLEY,

                                  Plaintiff(s),

               v.                                   A.P. No. 12-1003

YOUNG'S MARKET COMPANY, LLC,

                                  Defendant(s).
_____/

Memorandum After Trial
_____

        Debtor and plaintiff James Solley filed his Chapter 7 petition on September 13, 2011. He listed defendant Young's Market Company as a creditor, using as its address the drop-box where he usually sent his payments. The bank managing the drop box was supposed to forward any mail to Young's Market, but in this case it failed to do so. Young's Market did not know about the bankruptcy.

        On October 31, 2011, Young's Market sent Solley a statement showing a balance of less than $2,000.00. On November 29, 2011, Young's Market sent Solley a collection letter seeking payment

1

of $2,012.35. On December 20, 2011, the court entered Solley's discharge. On January 4, 2012, Solley brought this adversary proceeding against Young's Market for violation of the automatic stay pursuant to § 362(k) of the Bankruptcy Code.

Solley was at all times represented by attorney Brian B., who represents him in this adversary proceeding as well. In what appears to be a pattern of practice, Brian did not attempt to contact Young's Market in any way. He just sued for violation of the automatic stay. To its credit, Young's Market insisted on a trial even though some sort of payoff would have probably been less expensive for it.

Solley testified that he suffered emotional distress as a result of the statement and the collection letter. The court does not believe a word of it. He sounded coached and appeared insincere. He has not met his burden of showing any damages whatsoever. Without cognizable damages, there can be no recovery for violation of the automatic stay. *In re Weisberg,* 193 B.R. 916, 927 (9th Cir.BAP 1996); *In re Tarone,* 434 B.R. 41, 53 (Bkrtcy.E.D.N.Y. 2010); *In re Haan*, 93 B.R. 439, 441 (Bankr.W.D.N.C. 1988). The mere innocent sending of a bill after the filing rarely results in a valid claim for violation of the automatic stay because it is a "no harm" violation and generates no actual damages. *In re Martinez,* 281 B.R. 883, 887 (Bkrtcy.W.D.Tex. 2002).[1]

Damages can only be awarded for violation of the automatic stay if the act taken in violation of the stay was willful. A violation can only be willful if the creditor had knowledge of the automatic stay. *In re Bloom,* 875 F.2d 224, 227 (9th Cir.1989). In this case, any presumption of knowledge based on the mailing of the bankruptcy notice has been rebutted by Young's Market, and the court is convinced it had no knowledge. Moreover, a debtor has a duty to mitigate the damage done by a

---

[1] The court cannot help but note that if the court had believed Solley the cause of his distress would have been his own attorney, not Young's Market. By failing to contact Young's Market to inform it of the bankruptcy and failing to calm Solley and assure him that he had absolutely nothing to worry about, Brian B. would have been committing malpractice and causing his own client mental anguish.

2

violation of the automatic stay. *In re Roman,* 283 B.R. 1, 11 (9th Cir. BAP 2002). In this case, a phone call or a short letter would have resolved the problem as well as established that Young's Market had knowledge of the automatic stay.

The court understands full well the importance of the automatic stay to orderly bankruptcy proceedings and protection of debtors, and has never failed to enforce it when appropriate. However, every postpetition statement received by a debtor is not an opportunity to make money at the creditor's expense. "An extremely litigious approach to a violation of the automatic stay that does not cause damages must be guarded against." *In re C.W. Min.Co.,* – B.R. – , 2012 WL 3839287n68 (10th Cir. BAP 2012). The debtor must show that the mailing was a willful violation of the stay, which usually involves a good faith attempt to communicate with the creditor and make sure it knows about the bankruptcy, and it also requires real damages, not unsupported or fabricated allegations of emotional distress. In this case, Solley and his attorney made no attempt whatsoever to contact Young's Market. Solley suffered no damages whatsoever. Accordingly, he shall take nothing by his complaint. Young's Market shall recover its costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Young's Market shall submit an appropriate form of judgment forthwith.

Dated: September 10, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge